**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **VICTOR THOMPSON, ID # 1332074,**                )<br>          **Petitioner,**                                             )<br>**vs.**                                                                   )<br>                                                                            )<br>**WILLIAM STEPHENS, Director,**                    )<br>**Texas Department of Criminal**                    )<br>**Justice, Correctional Institutions Division,** )<br>          **Respondent.**                                         ) | No. 3:14-CV-0771-N  (BH)<br><br>Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings and applicable law, this case should be transferred to the Fifth Circuit as a successive petition.

**I.  BACKGROUND**

Victor Thompson (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed his petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 to challenge his Dallas County convictions for failure to stop and render aid, intoxication assault, and intoxication manslaughter. (*See* Petition (Pet.) at 2; *see also* www.tdcj.state.tx.us, search for petitioner).  The respondent is William Stephens, Director of TDCJ-CID.

Petitioner pled guilty to intoxication assault, intoxication manslaughter, and two charges of failure to stop and render aid in Cause Nos. F04-57996, F05-01025, F05-01026, and F05-01027 in the 282nd Judicial District Court of Dallas County, Texas.  On October 7, 2005, a jury sentenced him to 20 years', 99 years', and two terms of 5 years' imprisonment, respectively.  (Pet. at 2-3); *see also Thompson v. State*, 2007 WL 29709 (Tex. App.–Dallas Jan. 5, 2007, pet. ref'd).  He appealed, and the state appellate court affirmed his convictions and sentences.  *Id*.  His petitions for

discretionary review were refused on April 25, 2007. *See* PD-0311-07, PD-0312-07, PD-0313-07, PD-0314-07. Petitioner's first state writs challenging these convictions were denied on their merits by the Texas Court of Criminal Appeals. *See Ex parte Thompson*, WR-22,150-02, WR-22,150-03, WR-22,150-04, WR-22,150-05 (Tex. Crim. App. July 2, 2008). His second state writs challenging his convictions for failure to stop and render aid were dismissed because his sentences had been discharged *see Ex parte Thompson*, WR-22,150-07, WR-22,150-08 (Tex. Crim. App. April 17, 2013), and his second state writs challenging his convictions for intoxication assault and intoxication manslaughter were dismissed as abuses of the writ. *See Ex parte Thompson*, WR-22,150-06, WR-22,150-09 (Tex. Crim. App. April 17, 2013).

Petitioner's first federal petition challenging these convictions was denied as procedurally barred because he had failed to exhaust state court remedies and would be procedurally barred from raising them in a subsequent state application. *Thompson v. Quarterman*, No. 3:08-CV-1256-D (N.D. Tex. Feb. 25, 2009). On February 20, 2014, Petitioner filed his current federal petition challenging the same convictions at issue in his prior federal habeas action.

## II. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). They have "a continuing obligation to examine the basis for jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

A district court cannot exercise jurisdiction over a second or successive § 2254 petition without authorization from the court of appeals. *See* 28 U.S.C. § 2244(b); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). A petition is successive if it raises a claim that was or could have been raised in an earlier petition or otherwise constitutes an abuse of the writ. *Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008); *Crone*, 324 F.3d at 836-37. If it essentially represents a second attack on the same conviction raised in the earlier petition, a petition is successive. *Hardemon*, 516 F.3d at 275-76 (distinguishing *Crone* because "*Crone* involved multiple § 2254 petitions attacking a single judgment").[1] A second petition is not successive if the prior petition was dismissed due to prematurity or for lack of exhaustion, however. *See Slack v. McDaniel*, 529 U.S. 473, 487 (2000) (declining to construe an application as second or successive when it followed a previous dismissal due to a failure to exhaust state remedies); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-46 (1998) (declining to construe an application as second or successive when it followed a previous dismissal due to prematurity, and noting the similarities of such dismissal to one based upon a failure to exhaust state remedies). Otherwise, "dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Stewart*, 523 U.S. at 645.

Here, Petitioner challenges the same convictions he challenged in a previous federal petition that was denied as procedurally barred. Under *Hardemon* and *Crone*, he was required to present all available claims in that federal petition. A claim is available when it "could have been raised had the petitioner exercised due diligence." *Leonard v. Dretke*, No. 3:02-CV-0578-H, 2004 WL 741286,

---

[1] Although *Crone* involved a challenge to petitioner's holding judgment of conviction followed by a challenge to post-conviction and post-sentence administrative actions that stripped him of good-time credits, *Hardemon* considered both challenges to be against "the same conviction".

3

at *3 (N.D. Tex. Apr. 5, 2004) (recommendation of Mag. J.), *adopted by* 2004 WL 884578 (N.D. Tex. Apr. 20, 2004). The crucial question in determining availability is whether Petitioner knew or should have known through the exercise of due diligence the facts necessary to his current claims when he filed his prior federal petition challenging the same conviction challenged in this case. Petitioner's federal petition is successive because it raises claims that were or could have been raised in his prior federal petition. When a petition is second or successive, the petitioner must seek an order from the Fifth Circuit Court of Appeals that authorizes this Court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." *Id.* § 2244(b)(3)(C). To present a claim in a second or successive application that was not presented in a prior application, the application must show that it is based on (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *Id.* § 2244(b)(2). Petitioner contends that his petition is based on a new Supreme Court case, *Missouri v. Frye*, 132 S.Ct. 1399, 1408 (2012), in which that Court held that defense counsel renders ineffective assistance of counsel when he fails to communicate a formal plea bargain offer that may be favorable to a client. (Mem. at 2-9). However, a three-judge panel of the Fifth Circuit Court of Appeals must determine whether the application makes the requisite prima facie showing. *See* § 2244(b)(3)(A) and (B).

Because the Fifth Circuit has not authorized consideration of this successive application for

habeas relief, this Court lacks jurisdiction over this action.

### III.  RECOMMENDATION

The petition for writ of habeas corpus filed under 28 U.S.C. § 2254 should be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit pursuant to *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002) and *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

**SIGNED this 20th day of March, 2014.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE